IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALAN MILLER,<br><br>                Plaintiff,<br><br>vs.<br><br>JUDGE BRENDA R. GILBERT,<br><br>                Defendant. | CV 23-94-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Alan Miller ("Miller") brings this action against Defendant Judge Brenda R. Gilbert ("Judge Gilbert") seeking millions in damages based on alleged judicial acts performed by Judge Gilbert while presiding over a pending State court civil case. (Doc. 1.)

Presently before the Court are Judge Gilbert's Motion to Dismiss (Doc 7) and Miller's Motion for Summary Judgment[1] (Docs. 16, 29), which have been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B).

Having considered the parties' submissions, the Court **RECOMMENDS** Judge Gilbert's Motion to Dismiss be **GRANTED**, and Plaintiff's Motion for

---

[1] Briefing on Miller's Motion for Summary Judgment was delayed until after the resolution of Judge Gilbert's Motion to Dismiss. (*See* Doc. 20.) Because the Court finds dismissal is appropriate, the Court will recommend Miller's Motion for Summary Judgment (Doc. 16), and Amendment to Summary Judgment (Doc. 29) be denied as moot.

1

Summary Judgment be **DENIED as moot**.

I.     BACKGROUND

Miller is a defendant in a civil action pending before the Montana Sixth Judicial District Court in Park County entitled *Jeff Shafer v. Estate of Evalyn Millican, et al.*, DV-2022-115.[2]  Judge Gilbert is the judicial officer presiding over the matter.

Miller alleges that in May 2023, he filed a jurisdictional challenge in the State court proceedings, and that as of August 2023, Judge Gilbert had failed to prove the State court had personal jurisdiction over him.  Miller, therefore, filed this action alleging civil rights claims against Judge Gilbert under 42 U.S.C. § 1983 for violation of the Fifth and Fourteenth Amendment (Count 1), Fourth Amendment (Count 2), and Eighth Amendment (Count 3).  Miller further alleges a

---

[2] The Court takes judicial notice of court documents from the Montana Sixth Judicial District Court, Park County in *Jeff Shafer v. Estate of Evalyn Millican, et al.*, DV-2022-115.  The Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is generally confined to the pleadings.  *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011).  However, the Court may take judicial notice of matters of public record, including documents on file in state and federal courts without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir.2012).

cause of action under 42 U.S.C. § 1985 for criminal conspiracy and violation of Article 1, Section 10, Clause 1 of the Constitution (Count 4).

## II.   ANALYSIS

Judge Gilbert moves to dismiss Miller's Complaint under Federal Rule of Civil Procedure 12(b)(6) on grounds that it is barred by absolute judicial immunity.

Under the doctrine of judicial immunity, judges are absolutely immune for acts performed in their judicial capacities. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 n. 10 (1993); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Judicial immunity "applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)).  There are only two recognized exceptions to judicial immunity: (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity", and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Here, Miller has not pled a viable claim against Judge Gilbert because he has failed to show either exception to judicial immunity applies.  First, all of Miller's claims against Judge Gilbert relate directly to acts she performed in the course of her judicial role.  For example, Count 1 is premised on Judge Gilbert's

"rulings and orders," Count 2 on her "unreasonable orders and rulings," and Count 3 on alleged fines imposed by Judge Gilbert.  (Doc. 1 at ¶¶ 41-43.)  Likewise, Count 4 is based on an alleged violation of Judge Gilbert's "oath of office."  (*Id.* at ¶ 44.)  Indeed, Miller concedes that "All of Gilbert's actions were performed from the judicial bench . . . ."  (Doc. 1 at ¶ 38.)

Second, Miller has not plausibly alleged that Judge Miller acted in the clear absence of all jurisdiction.  To determine if a judge acted in complete absence of all jurisdiction, "courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986).  "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987).  The Supreme Court illustrated this concept with the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stump*, 435 U.S. at 357 n. 7.

Thus, a judge "will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Id.* at 356.

4

"Even '[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity.'" *Valley Bail Bonds v. Budeski*, 2014 WL 4415984, *4 (D. Mont. Sept. 5, 2014) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)). Such alleged errors should be corrected by appeal, not civil litigation. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Here, Miller alleges Judge Gilbert erroneously exercised personal jurisdiction over him due to insufficient service of process. (Doc. 1 at ¶ 25). But "a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party." *Ashelman*, 793 F.2d at 1076. Thus, even assuming Judge Gilbert's assumption of jurisdiction was "in excess of [her] jurisdiction," the act was not done "in the clear absence of jurisdiction." *Stump*, 435 U.S. at 357 n.7. As such, Judge Gilbert is entitled to judicial immunity.

The Court, therefore, recommends Judge Gilbert's Motion to Dismiss be granted. Further, the Court notes that the deficiency in Miller's Complaint – naming a defendant who is absolutely immune from suit – cannot be cured by amendment. Where amendment would be futile, there is no reason to prolong litigation by allowing further amendments. *Lipton v. Pathogenesis Corp.*, 284 F. 3d 1027, 1039 (9th Cir. 2002); *Klamath-Lake Pharmaceutical Ass'n v. Klamath*

5

*Med. Serv. Bureau*, 701 F. 2d 1276, 1293 (9th Cir. 1983).  Accordingly, the Court further recommends the Complaint be dismissed without leave to amend.

### III.  CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Judge Gilbert's Motion to Dismiss (Doc. 7) be **GRANTED**, and the Complaint be dismissed with prejudice; and

2. Miller's Motion for Summary Judgment (Doc. 16), and Amendment to Summary Judgment (Doc. 29) be **DENIED as moot**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 5th day of June, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge