IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALAN MILLER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JUDGE BRENDA GILBERT,<br><br>　　　　　Defendant. | CV 23-94-BLG-SPW<br><br><br>ORDER |

　　　Before the Court is U.S. Magistrate Judge Timothy J. Cavan's Findings and Recommendations. (Doc. 31). Judge Cavan recommended the Court grant Defendant Judge Brenda Gilbert's Motion to Dismiss (Doc. 7) and deny as moot Plaintiff Alan Miller's Motion for Summary Judgment and Amendment to Summary Judgment (Docs. 16, 29). (Doc. 31).

　　　Miller, proceeding *pro se*, timely filed objections to the Findings and Recommendations (Doc. 32), and Judge Gilbert timely responded (Doc. 34). Miller also filed a reply. (Doc. 36). The Local Rules prohibit replies to Findings and Recommendations, so the Court will not consider Miller's reply. D. Mont. L.R. Civ. 72.3(b). For the reasons stated below, the Court adopts Judge Cavan's Findings and Recommendations in full, grants Judge Gilbert's Motion to Dismiss, and denies Miller's Motion for Summary Judgment and Amendment to Summary Judgment as moot.

1

In Miller's objections to the Findings and Recommendations, he also challenges Judge Cavan's ruling on Miller's Motions to Strike (Doc. 30). (Doc. 32 at 3). Though Judge Cavan's rulings on these motions are not the subject of the Findings and Recommendations, the Court construes these objections as pertaining to Judge Cavan's order on the motion to strike, which the Court will review for clear error. *See* 28 U.S.C. § 636(b)(1)(A). Because the Court dismisses the case, it denies these objections as moot.

Also before the Court is Miller's Petition for Disqualification of the Magistrate Judge. (Doc. 33). As Judge Cavan is no longer referred on this matter and will not issue any other rulings in the case, the Court denies Miller's Petition for Disqualification of the Magistrate Judge as moot.

I.   **Legal Standard**

   *A.   Findings and Recommendations*

The parties are entitled to a de novo review of those findings to which they have "properly objected." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not properly objected to will be reviewed for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a

2

mistake has been committed." *McMillan v. United States*, 112 F.3d 1040, 1044 (9th Cir. 1997) (citation omitted).

An objection is proper if it "identif[ies] the parts of the magistrate's disposition that the party finds objectionable and present[s] legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Mont. Shooting Sports Ass'n v. Holder*, CV 09-147-M, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.* Objections are not "a vehicle for the losing party to relitigate its case." *Hagberg v. Astrue*, CV-09-01-BLG, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009) (citation omitted).

B.   *Motion to Dismiss for Failure to State a Claim*

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the rule "does not require detailed factual allegations ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).

A party can test a complaint's legal sufficiency by moving to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive 12(b)(6) motion, the complaint must contain "sufficient factual matter,

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the complaint alleges enough facts to draw a reasonable inference that the accused is liable. *Id.* Though the complaint does not need to provide detailed factual allegations, it cannot merely assert legal conclusions. *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

When ruling on a Rule 12(b)(6) motion, the Court must accept the complaint's well-pled factual allegations as true and construe them in the light most favorable to the non-movant. *See Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

C. *Pro Se Filings*

Because Miller is proceeding pro se, the Court must construe his complaint liberally; "however inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In the motion to dismiss context, the Court also must construe pro se

documents liberally and give pro se litigants the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Still, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). This means that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 576 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

In light of the Ninth Circuit's liberal construction requirements, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## II.   Background

Miller does not object to any of the facts as stated by Judge Cavan. Rather, his objections to Judge Cavan's Background section pertain to how Judge Cavan characterizes components of Miller's complaint. Thus, the Court will adopt Judge Cavan's statement of the facts of the case in full and address Miller's objections as they arise in the narrative.

Miller is a defendant in a civil action pending before the Montana Sixth Judicial District Court in Park County in front of Judge Gilbert entitled *Jeff Shafer*

*v. Estate of Evalyn Millican*, 34-DV-2022-115.[1] In the instant case, he alleges[2] that in May 2023, he challenged the state court's personal jurisdiction over him on the grounds that a summons was never issued to him in his state case. (Doc. 1 ¶¶ 15, 25). Miller states that, as of August 14, 2023, he had not "received the required response" from Judge Gilbert on his jurisdictional challenge and so "[t]ime ha[d] expired" for Judge Gilbert to prove personal jurisdiction. (*Id.* ¶¶ 17–18). He maintains that because Judge Gilbert proceeded with the case despite not proving the court had personal jurisdiction over him, she violated Miller's civil rights. (*Id.* ¶¶ 30–34).

---

[1] As Judge Cavan noted, the Court can take judicial notice of and consider on a motion to dismiss the court documents in the case, as they are matters of public record. (*See* Doc. 31 at 2 n.2 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012))).

Miller objects to Judge Cavan's characterization of the Park County case as pending because Miller challenged jurisdiction. (Doc. 32 at 5). However, until the challenge to a lack of jurisdiction is resolved pursuant to a motion to dismiss, the case still is considered pending. *See, e.g.,* Mont. R. Civ. P. 12(b)(2), (4) (describing procedure for challenging lack of personal jurisdiction and insufficient process). Accordingly, if a court either has ruled against the challenge to lack of jurisdiction and continued the case, or the challenge is pending before the presiding court, the case is considered pending.

[2] Miller also objects to Judge Cavan's use of the term "allege" or "allegation" because "[a]ll words in Plaintiff's Complaint are to be construed as FACT until proven otherwise." (Doc. 32 at 4). Miller is correct that, on a motion to dismiss, the Court "must accept as true well-pleaded *factual allegations* and construe them in the light most favorable to the non-movant." *See Autotel*, 697 F.3d at 850 (emphasis added). Even construing them as true, they remain allegations, as the Court is not evaluating the evidentiary sufficiency of the facts presented on a motion to dismiss. The Court also notes that it does not accept bare legal conclusions in the complaint as true. Any legal conclusion must be supported by well-pled facts.

6

Miller sued Judge Gilbert in this Court on August 21, 2023. Counts 1, 2, and 3 allege violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, while Count 4 alleges a violation of Article 1, § 10, clause 1 of the Constitution pursuant to 42 U.S.C. § 1985. (*Id.* ¶¶ 41–44). Miller requests damages, injunctive relief, and criminal referrals to federal and state prosecutors. (*Id.* at 9–10). He also requests attorney fees pursuant to 42 U.S.C. § 1988. (*Id.* at 9).[3]

## III.  Discussion

Judge Cavan recommended that the Court grant Judge Gilbert's Motion to Dismiss because Miller's claims were barred by the judicial immunity doctrine. (Doc. 31 at 3). Based on this recommendation, Judge Cavan also recommended the Court deny Miller's other motions as moot. (*Id.* at 6).

Miller lists a variety of objections to Judge Cavan's Findings and Recommendations that can be summarized into the following categories:

(1) Judge Cavan has no "standing to rule in the matter" because Miller withheld consent to magistrate jurisdiction;

(2) The doctrine of judicial immunity is invalid and contravenes the U.S. Constitution and § 1983; and

---

[3] The beginning of Miller's complaint also mentions 42 U.S.C. § 1986. (Doc. 1 ¶ 4). None of his four counts mention § 1986 or its elements (generally, neglecting to prevent a conspiracy to interfere with a person's civil rights).

7

(3) Even if judicial immunity is valid, it does not apply because Judge Gilbert acted in complete absence of jurisdiction.

The Court will address each objection in turn.

### A. *Validity of the Magistrate Issuing Findings and Recommendations on Dispositive Motions*

Miller first objects to Judge Cavan's "standing to rule in this matter" because Miller withheld consent to magistrate jurisdiction. (Doc. 32 at 2). He argues that because he withheld consent to magistrate jurisdiction, 28 U.S.C. § 636(b)(1)(B)'s provisions on what a magistrate judge can rule on do not apply.

"In its wisdom, Congress 'authorized the appointment of … magistrate judges, who do not enjoy the protections of Article III, to assist'" Article III judges in their work. *Ashker v. Newsom*, 968 F.3d 975, 981 (9th Cir. 2020) (quoting *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 668 (2015)). "[W]ithout the distinguished service of these judicial colleagues, the work of the federal court system would grind nearly to a halt." *Sharif*, 575 U.S. at 668.

"While [Article III judges] share important responsibilities with [their] esteemed Article I colleagues," *Ashker*, 968 F.3d at 981, the power of federal magistrates is limited, *see* 28 U.S.C. § 636. As such, the parties must consent for a magistrate judge to conduct a civil action or proceeding. *Id.* § 636(c)(1); Fed. R. Civ. P. 73(a). When the parties provide such consent, the magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry

8

of judgment in the case." 28 U.S.C. § 636(c)(1). "A section 636(c)(1) referral 'gives the magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review.'" *Ashker*, 968 F.3d at 981 (quoting *Roell v. Withrow*, 538 U.S. 580, 585 (2003)).

If the parties do not consent to the magistrate's exercise of plenary authority, the magistrate's power is confined to the authority granted by 28 U.S.C. § 636(b)(1). Section 636(b)(1)(A) states:

> a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

"Pursuant to § 636(b)(1)(B), [an Article III judge] also may authorize a magistrate to 'conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact, and recommendations for the disposition' of those motions exempted in § 636(b)(1)(A)[.]" *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992) (quoting 28 U.S.C. § 636(b)(1)(B)); *see also* Fed. R. Civ. P. 72(b)(1) (allowing a magistrate judge to issue to the Article III judge proposed findings and recommendations on dispositive motions when the parties do not consent to magistrate jurisdiction). In short, while a magistrate may have the

9

final say on nondispositive matters (subject to the review of the district court for clear or legal error), the magistrate may not issue final rulings on dispositive matters and instead must submit proposed findings and recommendations for the district court's review. *See* 28 U.S.C. § 636(b)(1); *see also Taylor v. Oxford*, 575 F.2d 152, 154 (7th Cir. 1978) ("The adjudicatory power over dispositive motions [is] to be exercised only by the judge, but it [can] be with the assistance and upon the recommendation of the magistrate.").

Here, Miller withheld consent to magistrate jurisdiction. Accordingly, Judge Cavan's powers are cabined to those outlined in 28 U.S.C. § 636(b). Under 28 U.S.C. § 636(b)(1)(A), Judge Cavan may determine nondispositive motions like Miller's motions to strike without issuing findings and recommendations. Under 28 U.S.C. § 636(b)(1)(A), the Court can refer dispositive motions—like Judge Gilbert's Motion to Dismiss and Miller's summary judgment motions—to a magistrate, and the magistrate must then submit to the Court proposed findings of fact and recommendations on the dispositive motions. The Court referred those motions to Judge Cavan (Doc. 15), and Judge Cavan followed the procedures required/allowed by federal law when a party withholds consent. Thus, Miller's objection on this matter has no merit, and the Court overrules it.

### B.  *Judicial Immunity*

Miller next objects to Judge Cavan's finding that Judge Gilbert is immune from Miller's suit under the absolute judicial immunity doctrine. (Doc. 32 at 6). Construing the objection liberally, as the Court must since Miller is pro se, the objection is proper because he identifies the portion of the Findings and Recommendations with which he disagrees and presents supporting legal argument. The Court will review the issue de novo.

Under the doctrine of judicial immunity, judges are absolutely immune for acts performed in their judicial capacities. *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citation omitted). Two exceptions exist to the doctrine of judicial immunity: (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam).

In his objections, Miller first argues that absolute judicial immunity is a fraudulent doctrine that he "does not agree" with or "accept[.]" (Doc. 32 at 6). He contends that the doctrine "throws out the value of the Constitution to the way-side"

11

and "no more deserves to be called law than the rules a band of robbers might pass in their assembly." (*Id.* at 6–7). Miller also notes that § 1983 does not provide an exception for any immunities to state actors. (*Id.* at 11).

Judge Gilbert responds that irrespective of Miller's "disagreement with the immunity doctrine," it is "well established" and applies here. (Doc. 34 at 2).

The Court overrules Miller's objection because the Court is "bound to follow a controlling Supreme Court precedent until it is explicitly overruled by [the Supreme] Court." *Nunez-Reyes v. Holder*, 646 F.3d 684, 692 (9th Cir. 2011) (citation omitted). The Supreme Court has repeatedly affirmed and never overruled the doctrine of judicial immunity. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley*[.]"); *Stump*, 435 U.S. at 355–56; *Mireles*, 502 U.S. at 9–10. The Supreme Court also has held that absolute judicial immunity applies to claims for damages brought under 42 U.S.C. § 1983 for acts within a judge's judicial role. *Pierson*, 386 U.S. at 554; *see also Sup. Ct. of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 734–35 (1980) ("[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacity."). The Supreme Court in *Pierson* reasoned that "[t]he legislative record gives no clear indication that

Congress meant to abolish wholesale all common-law immunities" in passing § 1983, and that "Congress would have specifically so provided had it wished to abolish the doctrine." *Id.* at 554–55. Congress also extended this immunity to § 1983 claims for injunctive relief. *See Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018).[4] Thus, regardless of Miller's opinions on whether judicial immunity comports with the Constitution and § 1983, this Court is bound by the decisions of the Supreme Court and therefore must apply the judicial immunity doctrine according to those decisions.

Miller next objects that Judge Cavan erroneously determined that neither exception to judicial immunity applies. (Doc. 32 at 6, 7–8, 10–11). Miller argues that the premise of his case is that Judge Gilbert lacked jurisdiction over him, which satisfies the second exception to absolute judicial immunity. (*Id.*).

Judge Gilbert responds that Judge Cavan correctly determined that "a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party." (Doc. 34 at 3 (citing Doc. 31 at 5 (citing *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986)))).

The Court agrees with and adopts in full Judge Cavan's finding that, even accepting all the well-pled facts in Miller's complaint as true, no exception to

---

[4] The Court also is bound to follow those decisions of the Ninth Circuit. *See Hart v. Massanari* 266 F.3d 1155, 1175 (9th Cir. 2001) (holding that a district court is bound by circuit authority and "has no choice but to follow it[.]").

13

judicial immunity applies. As Judge Cavan explained, the first exception does not apply because Miller's complaint exclusively challenges the acts Judge Gilbert performed in the course of her role as a judge. (*See* Doc. 1 ¶¶ 41–43 (challenging the "rulings and orders" and "searches and seizures and fines" issued by Judge Gilbert in the state case)). The second exception also does not apply because a judge is protected from suit by judicial immunity even if personal jurisdiction does not exist over the complaining party, so long as subject matter jurisdiction exists. *Ashelman*, 793 F.2d at 1076 ("Where not clearly lacking subject matter jurisdiction, a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party."). Miller only argues that Judge Gilbert acted without personal jurisdiction over him because of the lack of summons, not that she acted without subject matter jurisdiction. Accordingly, even accepting all the facts in Miller's complaint as true, judicial immunity bars Miller's § 1983 claim. Without a valid § 1983 claim, Miller also cannot proceed with his § 1985 and § 1986 claims based on the same allegations. *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) ("'[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations."); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section

1985.").[5] Nor is he entitled to attorney fees under § 1988, since he is not the "prevailing party." 42 U.S.C. § 1988(b).[6] Nor does the Court have the power to make criminal referrals, as Miller requests.

Finally, because Miller's pleadings do not contain allegations sufficient to overcome judicial immunity, amendment is futile. *See Ashelman*, 793 F.2d at 1078. The Court will not allow further amendment and dismisses the case with prejudice.

For these reasons, the Court adopts Judge Cavan's Findings and Recommendations in full and grants Judge Gilbert's Motion to Dismiss. Because the case has been dismissed, all other pending motions—Miller's Motion for Summary Judgment, Amendment to Summary Judgment, Petition for Disqualification of Magistrate Judge, and objections to Judge Cavan's order on Miller's Motions to Strike—are denied as moot. Miller's pending objections to Judge Cavan's order on Miller's motions to strike also are denied as moot.

## IV. Conclusion

IT IS SO ORDERED that Judge Cavan's Findings and Recommendations (Doc. 31) and order denying Miller's motions to strike (Doc. 30) are ADOPTED IN FULL. Defendant Judge Brenda Gilbert's Motion to Dismiss (Doc. 7) is

---

[5] Miller's § 1985 claim separately fails to state a claim because he does not allege that "two or more persons" conspired to interfere with his civil rights, as required by the statute. 42 U.S.C. § 1985. Miller's complaint only describes the alleged actions of Judge Gilbert. (*See, e.g.,* Doc. 1 ¶¶ 41–44).

[6] Even if Miller was the prevailing party, he cannot recover attorney fees under the statute because he is pro se. *Gonzalez v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987).

GRANTED. Plaintiff Alan Miller's Motion for Summary Judgment (Doc. 16), Amendment to Summary Judgment (Doc. 29), Petition for Disqualification of Magistrate Judge (Doc. 33), and objections to the Order on Miller's motions to strike (Doc. 30) are DENIED as moot. The case is dismissed with prejudice.

The Clerk of Court is directed to enter judgment and close this matter.

DATED this 6th day of August, 2024.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge